## Bucci *v*. R. J. Reynolds Tobacco Co., Appellant.

Argued January 16, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Peter Hearn,* with him *J. B. H. Carter, Stanley R. Wolfe, Joseph T. LaBrum, Jr.,* and *Pepper, Hamilton & Scheetz,* for appellant.

*James J. Freeman,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 13, 1970:

Stephen J. Bucci sued his former employer, the R. J. Reynolds Tobacco Company, seeking to obtain benefits allegedly due him under the company's profit-sharing plan. Reynolds countered with the assertion that Bucci had been discharged for dishonesty and that under the terms of the plan he could therefore receive nothing. The facts surrounding Bucci's discharge and especially whether or not any allegations of dishonesty had been made at that time, were hotly contested at the trial. The jury apparently accepted Bucci's version of the facts, since it returned a verdict for him in the full amount of the claim. Reynolds' motions for

a new trial and for a judgment n.o.v. were denied and it took this appeal.

Reynolds now argues that no reasonable man could find from Bucci's evidence that Reynolds acted "arbitrarily, fraudulently or in bad faith," and that evidence of Reynolds' conduct subsequent to the dismissal should have been excluded as inapplicable to the issue of whether the discharge transgressed the above standards. Reynolds, however, is precluded from utilizing this rather stringent standard of review because they failed to plead this theory prior to the trial. The principal issue as framed by the pleadings and confirmed by the pretrial conference report was whether or not Bucci, who was discharged for "dishonesty," had in fact been dishonest. Bucci's theory was that Reynolds' unjustified discharge resulted in his being damaged, the amount of the damages being measured by the pension benefits to which he was no longer entitled. This was a perfectly acceptable theory and the verdict rendered thereon was unobjectionable.

Judgment affirmed.